Pratt, J.
It will not be profitable to discuss the testimony at length. It was to some extent conflicting, but the jury have settled the questions of fact in favor of the plaintiff, and it is entirely safe to say that there is no such preponderance of evidence in favor of the defense as to require the interference of the court.
On the contrary, some of the testimony introduced by plaintiff, if credited by the jury, would scarcely permit any other conclusion than that to which the jury arrived
The testimony of the business partner, that when he inquired of Gall if he was actually married, he replied that he had taken legal advice, and, according to the law of this state, he was married, left the jury little to decide upon that branch of the case if they believed the witness was speaking the truth.
The declarations made by Gall to the neighbors, though not so decisive, are abundantly sufficient to support the verdict, and are more distinct and unequivocal than has been the case in many trials where similar verdicts have been approved.
The testimony of some of the witnesses that he denied the marriage, do not destroy the force of the affirmative evidence.
The fact that a man of wealth denies to his acquaintances that he has married his cook, may be accounted for in a variety of ways.
The way Gall accounted for it was that he did not care to make his private affairs public.
So the purchase of the Brooklyn house and moving all his personal effects there, his speaking of the plaintiff and her children as “ his family ” and their mutual residence as his “home” were strong evidence of a marriage, upon which the jury might well base a verdict.
Upon the question of the plaintiff’s marriage to Jarmann there is sufficient evidence to sustain the verdict.
Jarmann’s former wife was living, and it was quite clear that had he desired to know that fact he could easily have learned it.
The suggestion that to find Jarmann had actual knowledge of her being alive, is to find that he was guilty of bigamy, is fairly answered by the evidence of Jarmann himself, that he believed the separation between them wrought an actual divorce and entitled him to marry again.
That belief affords corroboration to the statement of the *606 plaintiff that Jarmann told her that his former wife was living, but she could make him no trouble as he had a divorce from her.
Jarmann denies that conversation, but the fact that the wife was living, that numerous persons of his acquaintance;, residing in his neighborhood, had the knowledge of her existence, and that he did in fact believe his separation to be a legal divorce, are sufficient to authorize the jury to give credit to the testimony of the plaintiff as to the statement made to her at the time of marriage. They may well have believed that Jarmann had forgotten a conversation which would interest him much less than it would the-plaintiff, and which there was no reason to impress upon Jus memory.
The jury were justified by the evidence in believing that Jarmann knew his first wife to be living at the time he married the plaintiff, in which case his second marriage was void.
The exceptions to the reception of evidence do not require discussion.
The verdict is sustained by me evidence, am. the judgment should be affirmed with costs.
Barnard, P. J., and Dykman, J., concur.